UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,

        Plaintiff,

v.

        CASE NO. 2:20-CV-12421
        HONORABLE PAUL D. BORMAN

C. SWANSON,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. At the time he instituted this action, Dorian Trevor Sykes ("Plaintiff"), was a federal detainee being held at the Genesee County Jail in Flint, Michigan. In his complaint, he alleges that he is being denied his constitutional rights because the Genesee County Jail does not have a law library for inmates. He asserts that the lack of a law library is hampering his ability to represent himself in his pending criminal and civil cases. He names Genesee County Sheriff C. Swanson as the defendant in this action and seeks injunctive relief, such as access to legal materials or transfer to a facility with a law library. The Court has granted Plaintiff leave to

proceed without prepayment of the filing fee for this action. For the reasons set forth herein, the Court dismisses as moot the civil rights complaint. The Court also concludes that an appeal cannot be taken in good faith.

II.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Thomas Sysco Food Svs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993); *see also Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (prisoner's claims for declaratory and injunctive relief become moot when he or

she is transferred from the prison giving rise to the complaint); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

Since the filing of this action, the United States Marshals Service has informed the Court that Plaintiff has been transferred to a detention facility at the Saginaw County Jail – a jail that maintains a law library for inmates. Given this transfer, Plaintiff has obtained the injunctive relief that he seeks in this action. There is no additional relief for the Court to grant to him. The present case has thus been rendered moot and Plaintiff's civil rights complaint must be dismissed on such a basis.

### III.

For the reasons stated, the Court concludes that this civil rights case is now moot. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. Lastly, the Court concludes that an appeal from this decision cannot be

taken in good faith. 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2020